UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON HANCOCK,<br><br>    Plaintiff,<br><br>    v.<br><br>MIAMI CORRECTIONAL FACILITY, INDIANA DEPARTMENT OF CORRECTIONS, and CHRISTINA EMBERSON REAGLE,<br><br>    Defendants. | CAUSE NO. 3:24-CV-995 DRL-SJF |

OPINION AND ORDER

Jason Hancock, a prisoner represented by counsel, filed a seven-count complaint naming three defendants in the Miami Superior Court. ECF 5. Under 28 U.S.C. §§ 1441 and 1446, the defendants removed the case. ECF 1. The defendants also filed a motion asking for the case to be screened. ECF 4. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Claims 3, 5, and 7 raise federal claims under the Eighth Amendment. Constitutional claims can be brought against a "person" under 42 U.S.C. § 1983, but neither the Miami Correctional Facility nor the Indiana Department of Correction is a "person" under § 1983. *See Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) ("a State is not a 'person' within the

meaning of § 1983")). The complaint alleges the third defendant, Christina Emberson Reagle "is the commissioner/Director of Indiana's Department of Corrections." ECF 5 at ¶ 11. "Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will*, 491 U.S. at 71. "[N]either a State nor its officials acting in their official capacities are "persons" under § 1983." *Id*. There is no indication Commissioner Reagle is sued in her individual capacity. The complaint makes no mention of Commissioner Reagle having any involvement other than being sent a Notice of Tort Claim. ECF 5 at ¶ 5. There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Because claims 3, 5, and 7 do not state a claim, they must be dismissed.

Claims 1, 2, 4, and 6 allege negligence, but negligence "does not state a valid claim under the Eighth Amendment." *Eagan v. Dempsey*, 987 F.3d 667, 688 (7th Cir. 2021) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (ellipsis omitted). Because these claims do not state federal claims, only state law claims remain. "Ordinarily, when a district court dismisses the federal claim[s] conferring original jurisdiction before trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c)(3)." *Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010). This case has barely begun. Without any remaining federal claims, it will be remanded to state court.

For these reasons, the court:

(1) GRANTS the motion to screen the complaint (ECF 4);

(2) DISMISSES federal claims 3, 5 and 7; and

(3) DECLINES supplemental jurisdiction under 28 U.S.C. § 1367(c)(3); and

(4) REMANDS state claims 1, 2, 4, and 6 to the Miami Superior Court.

SO ORDERED.

March 13, 2025                               *s/ Damon R. Leichty*
                                             Judge, United States District Court